IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CONRAD CATON,                    )
                                 )
                    Plaintiff,   )
                                 )
-vs-                             )        Case No. CIV-06-1112-F
                                 )
STATE FARM FIRE AND              )
CASUALTY COMPANY,                )
                                 )
                    Defendant.   )

## AMENDED ORDER

Before the court is Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment, filed on June 1, 2007 (doc. no. 36). Plaintiff, Conrad Caton, has responded to the motion, and defendant has replied. Upon due consideration of the parties' submissions, the court makes its determination.

Background

Prior to October 15, 2004, plaintiff resided in living quarters attached to the south end of a barn located on a former commercial hunting ranch owned by his parents in Chandler, Oklahoma. On October 15, 2004, a fire destroyed the barn and all of its contents.

In July of 2004, plaintiff had purchased a renters policy from defendant, which provided coverage for his personal property in the amount of $50,000.00.

On January 5, 2005, plaintiff submitted to defendant a sworn proof of loss form totaling $50,000.00 and 25 pages of inventory forms. Defendant notified plaintiff by letter dated January 17, 2005 that it was accepting the proof of loss as to form but not as to substance or amount. In the letter, defendant informed plaintiff that there were

items listed in plaintiff's inventory that needed to be itemized or that needed documentation showing how prices for the items were obtained. The letter also advised plaintiff that defendant would exercise its right to take an examination under oath of plaintiff.

Plaintiff's examination under oath was conducted by defendant's attorney on February 8, 2005. The examination was terminated by plaintiff prior to its completion. In a letter dated February 9, 2005, defendant advised plaintiff that he was in breach of the policy and that while it was not denying plaintiff's claim at the time, it was declining to make payment. It also advised plaintiff that the policy provided that any action against defendant must be started within one year after the occurrence causing loss or damage.

Plaintiff advised defendant's attorney in a letter dated February 16, 2005 that he would answer further questions. The letter was forwarded to defendant. In a letter dated February 23, 2005, defendant advised plaintiff to contact its attorney to schedule a time for plaintiff's examination.

On March 4, 2005, defendant advised plaintiff that it would need an additional 60 days to complete the investigation of plaintiff's claim due to plaintiff not completing the examination under oath and not providing requested documentation.

On March 31, 2005, plaintiff's examination under oath was continued with counsel present for plaintiff. Thereafter, on April 25, 2005, plaintiff's counsel forwarded revised itemized personal property inventory forms to defendant. Defendant sent a fax to plaintiff's counsel on May 16, 2005, which included a list of open items that it needed help from plaintiff to determine an accurate value.

After several attempts to contact plaintiff's counsel, defendant was advised by plaintiff's counsel on August 15, 2005 that he was not representing plaintiff and defendant was to deal directly with plaintiff. At plaintiff's father's request, defendant,

in a letter dated August 19, 2005, sent plaintiff another copy of the items from his inventory forms for which defendant needed information to adjust plaintiff's claim.

After receiving a fax from plaintiff on August 30, 2005 regarding the personal property claim, defendant notified plaintiff in a letter dated August 31, 2005, that it still had unanswered questions. Defendant requested plaintiff to submit to a supplemental examination. Defendant enclosed a draft in the amount of $12,482.16, which according to defendant represented the actual cash value of the contents for which plaintiff had furnished sufficient information. That amount also included $700.00 for debris removal of plaintiff's property. Defendant subtracted from the $2,500.00 advance issued to plaintiff in October for additional living expenses, stating that there was no additional living expense involved in the loss.

By letter dated September 29, 2005, plaintiff was advised by defendant's attorney that the supplemental examination under oath regarding several items of personal property was set for October 11, 2005. Plaintiff advised by letter dated October 5, 2005 that he was unavailable on that date. Defendant's attorney, by letter dated October 11, 2005, requested plaintiff to contact him to reschedule the supplemental examination.

There the matter sat when the one-year period following the loss expired on October 15, 2005.

In a letter dated December 5, 2005, defendant informed plaintiff that it appeared to defendant that plaintiff did not wish to proceed with his claim because plaintiff, although requested, had not rescheduled his supplemental examination. Defendant advised plaintiff that he was in breach of the policy and that defendant would take no further action on the claim until the policy was complied with by plaintiff.

On February 8, 2006, new counsel for plaintiff advised that he would make plaintiff available for an additional examination under oath. By letter dated February

27, 2006, defendant advised counsel that the time for plaintiff to present his claim had lapsed and the claim was closed. In the letter, defendant advised counsel that it had paid for the items as to which plaintiff had furnished sufficient information, but it also noted from its records that the draft had never been negotiated.

On September 7, 2006, plaintiff filed a petition against defendant in state court, alleging claims for breach of contract and bad faith and unfair dealing. The action was timely removed to this court by defendant on October 12, 2006. Diversity jurisdiction is not contested.

In its motion, defendant seeks summary judgment on both of plaintiff's claims. Defendant asserts that plaintiff cannot recover on the breach of contract claim because he failed to file suit within one year of the date of loss or damage. As to the bad faith claim, defendant asserts that plaintiff is not entitled to recover because a legitimate dispute existed between the parties regarding plaintiff's insurance claim. Defendant contends that due to plaintiff's failure to comply with the policy provisions, it was unable to determine the actual amount owed to plaintiff on the claim.

In response, plaintiff states that he sent out preliminary discovery requests on the day before he filed his response, and on the day he filed his response, for the purpose of countering the facts relied upon by defendant to support its motion. Plaintiff requests the court to hold any ruling in abeyance "as discovery is ongoing." Response, at 1.

Most notably (and remarkably), plaintiff asserts in his response,[1] filed on June 29, 2007, that:

---

[1] Plaintiff's response was filed after two motions for extension of time for the filing of the response had been filed and granted. *See* docs. 38 (granting first motion) and 40 (granting second motion).

"Plaintiff has only sent out his preliminary discovery requests yesterday to Defendant, in order to counter all key facts Defendant relied upon in its brief." Response, at 1.

"Plaintiff seeks to depose Defendant's investigators, and the insurance agent who sold the policy and inspected the premises. The insurance agent's comprehensive communications and representations, as well as State Farm's internal communications (none of which have been released to Plaintiff as of this date) are extremely germane to Plaintiff's claim of bad faith, and remain outstanding genuine issues of material fact." *Id.*

"Secondly, Plaintiff has only sent out discovery requests yesterday and today, to commence demonstrating the extent of State Farm's actions in causing delay in the investigation and failing to act in good faith." *Id.* at 2.

"Although Plaintiff sought, signed, and purchased a policy from Defendant State Farm (Exhibit 2), the State Farm Agent, Ted Withrow, has not been deposed regarding his representations both at time of purchase, at the time of the fire and shortly thereafter, and for the last two and a half years. A Notice of Deposition for Mr. Withrow was only issued today." *Id.*

Plaintiff's response, which included the statements quoted above, was filed on June 29, 2007, more than none months after the court notified the parties that they "are authorized to begin discovery immediately." Doc. No. 6.

<u>Standard of Review</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "'The moving party has the initial burden to show "that there is an absence of evidence to support the nonmoving

party's case.""" <u>BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.</u>, 194 F.3d 1089, 1097 (10th Cir. 1999) (quoting <u>Bacchus Industr., Inc. v. Arvin Industr., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986)).   In response to a properly supported motion for summary judgment, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'"  <u>BancOklahoma Mortg. Corp.</u>, 194 F.3d at 1098 (quoting <u>Anderson</u>, 477 U.S. at 247-248).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Thus, the court's inquiry is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" <u>BancOklahoma Mortg. Co.</u>, 194 F.3d at 1098 (quoting <u>Anderson</u>, 477 U.S. at 251-252).  In considering the motion for summary judgment, the court examines all evidence in a light most favorable to the nonmoving party.  <u>BancOklahoma Mortg. Co.</u>, 194 F.3d at 1098.

<u>Request to Hold Ruling in Abeyance</u>

As stated, plaintiff, in his response, states that he has sent out preliminary discovery requests to counter the key facts relied upon defendant to support its summary judgment.  Plaintiff asserts that summary judgment is premature and requests the court to hold its ruling in abeyance.

Rule 56(f), Fed. R. Civ. P., grants a district court discretion to deny summary judgment or order a continuance when the nonmoving party submits an affidavit averring that he possesses insufficient facts to oppose a summary judgment motion.

6

Hackworth v. Progressive Casualty Ins. Co., 468 F.3d 722, 732 (10th Cir. 2006).  The
rule specifically provides:

> Should it appear from the affidavits of a party opposing the motion that
> the party cannot for reasons stated present by affidavit facts essential to
> justify the party's opposition, the court may refuse the application for
> judgment or may order a continuance to permit affidavits to be obtained
> or depositions to be taken or discovery to be had or may make such other
> order as is just.

Fed. R. Civ. P. 56(f).  "The crux of Rule 56(f) is that 'summary judgment [should] be
refused were the nonmoving party has not had the opportunity to discover information
that is essential to his opposition.'"  Hackworth, 468 F.3d at 732 (quoting Anderson,
477 U.S. at 250 n. 5).  However, the nonmoving party must expressly invoke Rule
56(f)'s protections and, in so doing, must satisfy certain requirements.  Hackworth,
468 F.3d at 732 (citing Price ex rel. Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir.
2000)).  Specifically, the nonmoving party must submit an affidavit "'identifying the
probable facts not available and what steps have been taken to obtain these facts' and
must 'explain how additional time will enable him to rebut movant's allegations of no
genuine issue of fact.'"  Hackworth, 468 F.3d at 732 (quoting Comm. for the First
Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992)).

 Plaintiff has filed no Rule 56(f) affidavit.  Therefore, plaintiff has failed to
invoke the Rule 56(f) protections.  Moreover, in any event, the court finds that
counsel's unverified statements in the response do not make the showing required for
the granting of a continuance under Rule 56(f).

 The court notes that defendant filed its summary judgment motion on the date
specified in the court's November 30, 2006 scheduling order (doc. no. 12).[2]  The

---

[2] Although an amended scheduling order was subsequently entered on March 26, 2007 (doc.
no. 26), the deadline for filing dispositive motions was not changed.

court's chambers procedures, with which the court directed counsel to familiarize themselves in the order setting the scheduling conference, specifically advised the parties that "[m]ere failure to do your discovery earlier in the case usually will not justify an extension." The court's scheduling order also advised that "[t]he parties are expected to conduct any discovery necessary for [dispositive and *Daubert*] motions in advance of the motion deadline." Plaintiff had seven and one-half months prior to the filing of defendant's motion to conduct discovery. In addition, plaintiff had additional time to conduct discovery as the court twice extended plaintiff's deadline for responding to defendant's motion. Plaintiff, however, did not send out his discovery requests until the day before his response was finally due, as twice extended.

Having received no affidavit complying with Rule 56(f), and in light of the other circumstances described in this order, the court declines to exercise its discretion to deny summary judgment or to hold the court's ruling in abeyance under Rule 56(f). The court shall proceed to rule on defendant's motion on the basis of the record now before it.

Breach of Contract Claim

In its motion, defendant contends that plaintiff cannot recover on his breach of contract claim because he failed to file his claim within the time specified by the insurance policy.

The renters policy at issue provides in pertinent part:

**SECTION I -CONDITIONS**

7. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.[3]

---

[3] Section 3617 of Title 36 of the Oklahoma Statutes Annotated provides in pertinent part:

Ex. 2 of defendant's motion, p. 11 (emphasis in original).  It is undisputed that the date of loss or damage was October 15, 2004, the date of the fire.  It is also undisputed that plaintiff's action was not filed until September 7, 2006.

Plaintiff argues that his claim is not time-barred because it was not formally denied until February 27, 2006.  Plaintiff contends that the one-year limitation period did not begin to run until defendant denied his claim.  Plaintiff cites to two non-binding cases, Pelosa v. Hartford Fire Ins. Co., 267 A.2d 498, 501 (N.J. 1970) and Prudential-LMI Commercial Insurance v. Superior Court, 798 P.2d 1230 (Cal. 1990), to support his argument.  The Tenth Circuit, in Clipperton v. Allstate Insurance Company, 151 Fed.Appx. 652, 654, 2005 WL 2462140, at *2 (10th Cir. Oct. 6, 2005), rejected a similar argument.  This court also rejects the argument.

Like the plaintiff in Clipperton, plaintiff does not allege that the insurance policy at issue is ambiguous.[4]  Similar to the Tenth Circuit, the court concludes that the unambiguous insurance policy must be enforced according to its express terms,

---

> No policy . . . shall contain any condition . . .limiting the time within which an action may be brought to a period of less than two (2) years from the time the cause of action accrues in connection with all insurances other than property . . .; in property . . . policies such time shall not be limited to less than one (1) year from the date of occurrence of the event resulting in the loss.

36 O.S. 1999 § 3617.

[4]  Plaintiff avers that the one-year limitations period clause is in small print and that he specifically advised defendant that he was "unfamiliar with the technical terms and conditions contained in my fire loss policy."  See, Ex. 5 to plaintiff's response.  The print of the clause is not any smaller than any of the other provisions of the policy.  In addition, an insured is chargeable with knowledge of the terms of his insurance policy and has a duty to read and know the contents of the policy and is bound by the terms' legal effects.  Dalton v. LeBlanc, 350 F.2d 95, 97 (10th Cir. 1965) (cited by Clipperton, 151 Fed. Appx. at 655, 2005 WL 2462140, at *2).  Furthermore, the evidence shows that defendant specifically informed plaintiff of the one-year limitations period clause in a letter dated February 9, 2005 (well before the limitations period expired).  See, Ex. 22 to defendant's motion.

"giving the policy's language its plain and ordinary meaning." <u>Clipperton</u>, 2005 WL 2462140, at 2.  Giving the language of the policy its plain and ordinary meaning, the court concludes that the one-year limitation period for filing suit against defendant began to run on the date that plaintiff's residence was damaged by fire.

There is no evidence in the record of misconduct or dilatory tactics by defendant that prevented plaintiff from filing suit within the one-year time period. Plaintiff suggests that defendant continued to engage in negotiations after the one-year period by asking plaintiff to supplement his prior statements.  Although defendant agreed to reschedule his October 11, 2005 examination and advised in the December 5, 2005 letter that no further action would be taken on the claim until plaintiff complied with the conditions of the policy, the court concludes that such evidence is not sufficient to show continued negotiations by defendant.  The court also finds that the evidence is not sufficient to equitably toll the contractual one-year limitation.  The record does not demonstrate a triable issue of fact as to whether defendant misled plaintiff, luring him from one side of the October 14, 2005 deadline to the other side.  As previously noted, the record shows that plaintiff was specifically notified by defendant of the one-year limitations period.  The court thus concludes that plaintiff's breach of contract claim is barred due to plaintiff's failure to commence suit on the claim within one year of the date of loss or damage.  Therefore, summary judgment is granted in favor of defendant on plaintiff's breach of contract claim.

<u>Bad Faith Claim</u>

Defendant also contends that  summary judgment is appropriate on plaintiff's bad faith claim because the evidence shows that there was a legitimate dispute between the parties as to the amount of loss.  Defendant contends that it had questions regarding the values given to some of plaintiff's property and that despite requests for plaintiff to substantiate his figures, plaintiff failed to provide any documentation or

information to defendant to support the values.  Defendant contends that plaintiff also failed to provide itemized listings of some of his property, despite repeated requests for the listings.  Without the supporting documentation or information and itemized listings, defendant contends that it was unable to determine the actual amount owed to plaintiff on the claim.  Furthermore, defendant contends that plaintiff failed to submit to the supplemental examination under oath as required by the policy.

Under Oklahoma law, an insurance company has an implied duty to deal fairly and act in good faith with its insured.  Sims v. Great American Life Ins. Co., 469 F.3d 870, 891 (10th Cir. 2006); Christian v. American Home Assurance Co., 577 P.2d 899, 904 (Okla.1977).  If the insurance company fails to fulfill this duty, a bad faith action in tort can arise.  Id.  The essence of the bad faith tort is the unreasonableness of the insurer's actions.  Timberlake Constr. Co. v. U.S. Fidelity & Guar. Co., 71 F.3d 335, 343 (10th Cir.1995) (citing Conti v. Republic Underwriters Ins. Co., 782 P.2d 1357, 1360 (Okla.1989)).  Bad faith conduct includes "the unjustified withholding of payment due under a policy."  McCorkle v. Great Atlantic Ins. Co., 637 P.2d 583, 587 (Okla.1981).  An insurer does not breach the duty of good faith by litigating a dispute with its insured, however, if there is a "legitimate dispute" as to coverage or the amount of the claim, and the insurer's position is reasonable and legitimate. Timberlake, 71 F.3d at 343.  Nevertheless, by presenting evidence casting doubt on the legitimacy of an insurer's good faith justification for disputing a claim, a plaintiff can defeat summary judgment and present his case to the jury.  See, McCoy v. Oklahoma Farm Bur. Mut. Ins. Co., 841 P.2d 568 (Okla.1992).  Even a "legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith" where the insured presents sufficient evidence reasonably tending to show bad faith or unreasonable conduct.  See, Timberlake, 71 F.3d at 343 (citing Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431, 1440 (10th Cir.1993)); see also, Sims, 469

F.3d at 891 ("The simple presence of a legitimate dispute does not necessarily end the inquiry. Instead, it shifts the burden to the insured to present additional evidence of bad faith.")

Viewing the evidence in the record in a light most favorable to plaintiff, the court concludes that there is insufficient evidence to submit the bad faith claim to a jury. The court concludes from the evidence in the record that a legitimate dispute existed as to the amount of loss. Plaintiff has not presented evidence sufficient to raise a triable issue as to bad faith or unreasonable conduct on the part of defendant. The court therefore concludes that defendant is entitled to summary judgment on plaintiff's bad faith claim.

Based upon the foregoing, Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment, filed June 1, 2007 (doc. no. 36), is **GRANTED**. Judgment shall issue forthwith.

DATED this 19th day of September, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1112p007(pub).wpd